Good morning. May it please the court, Christopher Sander on behalf of the petitioner Julio Lozada. I'd like to reserve two minutes of my time for rebuttal. This court must decide in favor of the petitioner because he prevails equally under the categorical and also under the modified categorical approach. Turning first to the categorical approach... Let me ask you something. Yes. Do we reach that? I mean, as I understand it, the BIA assumed that there was not a categorical coverage. And it only decided it under... So don't we just make the same assumption? Well, I would say no. I think the most important reason is this whole case went up prior to all the Supreme Court president decisions and to Cam Mathis and... They assumed it was not categorical. So that's in your favor. So why don't we just assume the same thing? Well, I think he wins under the categorical more conclusively. I'd like to kind of swim and scream and not waive that argument. But I think he does also win under the modified categorical approach. Just quickly, there's a five-step approach under the categorical. The first is to identify the general definition. Everybody pretty much assumes that fraud is an element of the offense to BSIMT, crime involving moral turpitude. And as the Court just mentioned to me, I did concede that 1306A3 is not a crime involving moral turpitude. That's the third prong, not a CIMT because there was no intent to defraud. You know, I've only been doing this for 25 years, and I do not like lawyers that read. So tell us your arguments and tell us why your client should get relieved. Very basically... Well, he can read your brief. He can read the written stuff. A lot of the argument on the categorical approach wasn't in the briefs because, again, it was briefed prior to certain courts. Did you reach it? I did reach it. The EIA didn't rely on that basis, did it? They did not. The answer to my question is yes, they didn't rely on it. They did not. So we're here on modified. Explain why your client is repelled on modified. Under the modified approach, I think he wins because... Could you do it without reading? I can't. I just want to look at my notes, though. I think the most important case is the Brea Acoustic case where the court cannot look to the plain colloquy in order to find that it was either prong 1 or 2 under the modified categorical approach with the intent to defraud. It could if he said, I'm pleading to count 1 or count 3. But he didn't. Or section such and such or section such and such. Right. They don't cite the specific subsection under which he was convicted. If you look... Isn't there another problem, too, which is that he didn't, in order to be convicted under 1, he had to have an intent to defraud. And he never said he had an intent to defraud. Yes, I was going to point that out on page 37 of the Certified Administrative Records. If you look at the plain colloquy, the words intent to defraud or any kind of fraud are never used. The verbs are utilized, used for, or claiming himself out, whatever that means. But there's no fraud or intent to defraud defined in the plain colloquy. And as the court has mentioned in the Brea Acoustic case, it can be very problematic to look to the plain colloquy in order to supply that missing information. To which prong he was actually convicted of. The BIA does it, I think, impermissibly. It looks at the plea transcript contrary to this court's precedent in Brea Acoustic. And I think that is a good reason why. And we pointed out in our December 2nd 28J letter brief why this case should be remanded. Because you really can't tell whether it's an A1, an A2, or for that matter, an A3. Since it is an overbrow statute under the categorical approach, I think he prevails. Under the modified categorical approach, he also prevails equally. Lastly, the BIA is already. What are we remanding for? You don't have to remand it. I think the court could rule under the modified categorical approach that you can't tell that it's a CIMT or not. So he prevails. Well, what else would we do? I understand what you're saying. You have to remand in order to see whether he's eligible for relief or whether you're going to grant him relief. But as to his eligibility, what would the question be that we would remand on? The only issue would be for relief for the remand. The court could rule that under the modified categorical approach it's not a CIMT. And therefore, we're just remanding as to relief. Yes, correct. Also, prior counsel submitted, as the court noted, the plea transcript on the appeal. The BIA looked to that for the factual basis to try to tell which prong he pled under. I think incorrectly assumed that it was prong one or two. And, again, contrary to Ria Acosta, supplied the missing information in the plea colloquy, which I think runs contrary to what the Supreme Court said of DeKalb and this Court said of Ria Acosta. Also, as I mentioned, the BIA and the IJA considered all this information prior to the three Supreme Court decisions in Montcrieff, DeKalb, and Mathis. The IJA initially said that all three prongs are CIMT. The BIA reverses him and says, well, the third prong's not. And there's just kind of a mess of the record. I think it would be obviously the best thing from the petitioner's point of view would be to find that it's not a CIMT remand for relief or to remand and let the immigration judge in the first instance look to the record evidence and see whether there's any narrowing possible or not and make a decision whether there's a CIMT or not and whether or not he's eligible for relief or any other relief he might have become eligible for since the time of the case. That's all I have on our given questions. Thank you. We'll have close to four minutes to remain. Thanks. Good morning, Your Honors. Dan Shea on behalf of the United States Government. This is our position that we believe that the government will prevail on both the modified and the categorical, to answer your question earlier, Judge Berzon. We believe the court does have jurisdiction to look at the categorical analysis because though the board did find that it was not a categorical match, we believe that this is a truly legal question and the court can look at it. I'm sorry? It's a truly legal question, and it's not over the interpretation of an INA statute. The court can look at it if it wishes, and we do believe that. What I'm not understanding is that our law about categorical approaches and the relationship to the board is that the question of what the statute is, the state statute is not committed to the expertise of the board, but the issue of what the federal statute here, as part of our interpretation, is. So how could we decide this initially without sending it to the board? Because it still involves interpretation of a state criminal statute. It involves that, but it also involves an interpretation of the federal crime of moral interpretation statute. Yes, Your Honor. I am surprised to hear you, as a lawyer for the board, standing up here and telling us we should decide something that the board hasn't decided. Right, Your Honor. And it was with consulting with someone, with my colleagues, that we decided that looking at the statute more carefully, we believe that A1 and A2 clearly are CIMTs because they include the element of defraud. A1 and A2, but what about A3? They're still the second prominent of all, though, guys, Your Honor, where if it involves knowingly making false representations to obtain something of value, that, too, is categorically CIMT. And we believe that A3 would meet both of those prongs because it involves an assumption of a false identity and or obtain access to property which is something of tangible value. Did you argue categorically, Your Honor? We did not, Your Honor. Why should we hear that argument? We believe you can look at that question to know, Your Honor. You don't have to. We think we still went on to modify, but we're just putting that out there as something the court can look at as well. But the BIA didn't decide it, and you did not address it in your brief, but you want us to decide it on our own. As an alternative ground for this. Why don't you proceed to modify it? Certainly, Your Honor. Under the modified category, we believe that the statute 13-2006 is divisible, and we believe that Marcia Acosta doesn't foreclose the look at the plea colloquy section. We believe that it is not clear from the plea agreement itself, Your Honor. From the plea agreement. We believe he does not state in the colloquy that it's A-1, A-2, or A-3. But we believe that if you look at the colloquy, it's very similar actually to the one in Marcia Acosta where it doesn't line up exactly with the particular conviction charge. In Marcia Acosta, he was charged under Arizona Revised Statute 13-1203, and what his plea agreement stated was that he had used a metal pipe or bat to strike someone, and the court looked at that particular factual predicate to determine it couldn't have been A-2 under that Arizona statute or A-3. It must have been under A-1. Marcia Acosta was basically the application of the modified categorical approach on two fronts. So it was first to determine whether it was A-1, A-2, or A-3, and then the government wanted to further divide the statute by looking at A-1 and looking at the measure and requirement and saying that those were separate elements or separate offenses, and the court, I believe, readily held that those were different means of committing the same offense. You're talking about this case. Right. So this is very different. Which portion of the Arizona statute you believe was A-1 because the facts here are almost exactly the same. But you're focusing on the facts. You're not supposed to focus on the facts in light of decams, right? Right, Your Honor. So how do we get to where you're saying? I mean, we've held pretty clearly that we need to focus on the elements instead of the facts, and it seems here, like this plea bargain context, the defendant often has very little incentive to contest facts because I think I see where you're going to try to eliminate, you know, the other possibilities, but it seems like the defendant in these criminal cases have very little incentive to contest facts that are not elements of the charge defense and, you know, may not want to make superfluous sort of factual allegations. So why would maybe, I mean, an additional reason why decams came out the way it did. So I'm trying to figure out why you're citing statute on decams. Because we believe that what decams and amethysts and its progeny hold isn't that you cannot look at any facts whatsoever. You need to look at the facts that are essential for upholding the conviction in this case. I'm sorry, go ahead, Your Honor. Well, the one thing he didn't, an element of the one and two is from tension to fraud. Yes. He didn't acknowledge that. He didn't say anything about it. He said he used it to get employment, but he didn't say he intended to fraud anybody. His plea is completely consistent, for example, with an employer who was in codes with him, right? In other words, an employer who said, you know, I don't know that this was a false statement. And he didn't plead otherwise. Right, but there are other elements in A2 and A3 which are not present in this case. He hasn't contested as not A2 because he didn't. Well, I understand that, but he didn't establish the elements of A1 either, or two. I disagree under the Martinez, Your Honor, because the facts are identical to what we said in our 28-J letter. It was a 24-T decision, and it was almost the same exact facts. It was using a Social Security number in order to obtain employment, and they similarly argued there on page 825 that the conviction does not categorically involve interpret to because she used a false Social Security number only to obtain employment, not for anything more nefarious. There's no mention of intent of defrauding of the court in that case. Held that that was categorically a CIMT under A1. It's unclear what she was charged with, but it's the same facts as this case, Your Honor. In both cases, they used a false Social Security number, someone else's, in order to obtain employment. The statute in Martinez, if I have the right case, said that he had to assume a false intent to defraud another. It's the same statute, Your Honor. It's 13-2006-A1. Oh, sorry. Are you just reading the statute? Yes. Oh, I see what you're saying. It was on the statute, wasn't it? Right. It's the same one. It's the same exact statute as in our case. Okay, but it was A1, right? It's unclear whether that was what he was charged with. It was A1, a false A1. Right. But it's unclear whether they matched up the facts to A1 or whether it was just A1. But again, we would just point out that we're not saying that Martinez is dispositive on the factual basis, but we think it's pretty illustrative because it's the same set of facts. However, we have held that crime is required proof of an intent to defraud necessarily involved. But the problem here is she never admitted to an intent to defraud. In the plea colloquy. In the plea colloquy, I believe, it doesn't use the exact words, intent to defraud. It doesn't use the exact words at all. This is obvious. The social security number does not belong to my client. He had no right to use that. Correct, but that's different. An intent to defraud includes that you are misrepresenting to somebody who relies on it for some, and loses something by it, and there's no element of that. Pledge it. But Your Honor, I still think that it's implicit in the crime itself. Is that your best argument, that you think it's implicit in the crime itself? Because it seems like we have to look to see whether or not the element fits. Yes, Your Honor. But, yeah, again, we would point to other decisions in which it's, if the facts aren't exact. There's presumably some reason why Arizona has a separate statute for this. In other words, why A1 and A3 are different. Right? Yes. And what appears to be different about it is that A3 doesn't have an intent to defraud element. Yes, Your Honor. In other words, if you go in and your employer perfectly well knows you're using a false identity, it's still a crime under A3. Yes, Your Honor. But it doesn't have an intent to defraud. Right. Right. And so, again, Your Honor, the factual plea, the pleading in the plea call has to support the charge itself. It doesn't. Right, but it doesn't support A2 or A3, clearly. Right, it doesn't support any of them, so we don't know what happened. That's interesting. Your Honor, even if that were the case, we still think that this case, if you want something on the inconclusive record issue, we'd be happy to provide that. But this is not a removability ground. This is a ground for relief from removal. Right. And so, if Your Honor decides that this is an inconclusive record under Young, I would believe that this case would still end up with the petitioner unable to meet his burden of proof under that case. I'm sorry, I don't understand. Can you explain what you're asking? So, if the governor is trying to remove the petitioner on this ground, if he's a lawful permanent resident or he has a status otherwise, we bear the burden of proof showing that this is categorically a stat empty or otherwise removable offense. But the record is inconclusive under this Court's en banc decision in Young. The burden of proof is on the petitioner because he's removable regardless of this form of relief, and so he bears the burden of showing his ineligibility for relief from removal, which would also show that this is not categorically a stat empty. Okay, your time is up. Thank you very much. Yes, you have some time before you use it in your own details. We're having an additional event. Just to mention that under DeMartinez, the Court seems to have analyzed, and I think you've already pointed out, Judge Broussard, that it was an A-1 analysis. It's not a 13-206 analysis, but the Court specifically cited the immigration judge, the board, looked at 13-206, A-1, and finding that it was a CIMT with the intention to fraud element. It wasn't the entire statute that was analyzed, just the A-1 prompt, which we don't have in our case. Okay, thank you very much. Thank you.
judges: Hawkins, Berzon, Murguia